**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION**

| | |
|---|---|
| DENISE L. REED, individually, VICKI LYNNE ROSS, individually, and TAMARA K. FLOYD, individually,<br><br>          Plaintiffs,<br><br>vs.<br><br><br>SALDANA RAUL TRUCKING, a California Transport Company, and RAUL SALDANA AGUILAR, individually,<br><br>          Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)  Case Number:<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## PLAINTIFFS' ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Plaintiffs, DENISE L. REED, VICKI LYNNE ROSS, and TAMARA K. FLOYD, file this Original Complaint complaining of Defendants SALDANA RAUL TRUCKING and RAUL SALDANA AGUILAR and would respectfully show the Court:

### I. JURISDICTION

1. The parties to this proceeding are citizens of different states and the amount in controversy is more than $75,000.00, exclusive of interest and costs. Therefore, jurisdiction of this matter is invoked pursuant to 28 U.S.C. § 1332(a).

### II. PARTIES

2. Plaintiffs, **Denise L. Reed, Vicki Lynne Ross, and Tamara K. Floyd** are individual citizens of the State of Oklahoma.

3. Defendant **Saldana Raul Trucking** is a California citizen. This Defendant may be served with summons and a true and correct copy of this Complaint by serving its owner: **Raul Saldana Aguilar, 701 Polk Street, Taft, CA 93628**.

4. Defendant **Raul Saldana Aguilar** is an individual citizen of the State of California. This Defendant may be served with summons and a true and correct copy of this Complaint by serving him at: **701 Polk Street, Taft, CA 93628**.

### III. VENUE

5. Venue of this action is proper in the Northern District of Texas, Amarillo Division, pursuant to 28 U.S.C. § 1391, as this is the judicial district in which a substantial part of the acts or omissions forming the basis of this suit occurred, and a judicial district in which defendant is subject to personal jurisdiction.

### IV. BACKGROUND FACTS

### A. General Allegations

6. Plaintiffs file this lawsuit to recover for personal injury caused by a collision occurring on Interstate 40 East in Potter County, Texas on January 16, 2017, which collision was proximately caused by the negligence of Defendants.

7. Whenever it is said that any employee, representative, servant, or agent of Defendants did or failed to do any act or thing, it was done in his capacity as an employee, representative, servant, or agent of said Defendant with full authorization or ratification of said Defendant, and in the course and scope of his/her employment as an employee, representative, servant, or agent of said Defendant.

8. Specifically, whenever it is said that Raul Saldana Aguilar did or failed to do any act or thing, it was done in his capacity as an employee, representative, servant,

agent, or statutory employee of Defendant Saldana Raul Trucking and in the course and scope of his employment as an employee, representative, servant, agent, or statutory employee of Defendant Saldana Raul Trucking.

### B. Specific Allegations

9. On January 16, 2016, Denise Reed was driving east on Interstate 40. Plaintiffs Floyd and Ross were her passengers. Reed properly took exit 74 from Interstate 40, at or near 7701 east Interstate 40.

10. Defendant Aguilar was eastbound on the Interstate 40 access road, at or near exit 74 and 7701 East Interstate 40. His travel was controlled by a yield sign. As he approached the yield sign, he failed to yield to Plaintiffs' vehicle, which had just exited Interstate 40, and further failed to control his speed, and thus caused his tractor trailer to violently crash into Plaintiffs' vehicle. The collision caused severe injuries and damages to the Plaintiffs.

11. The Texas Department of Public Safety investigated the collision and cited Defendant Aguilar for failing to control his speed. The DPS also found that Defendant Aguilar failed to yield.

12. At all relevant times, Defendant Aguilar was an employee and/or agent of Defendant Saldana Raul Trucking and was acting within the course and scope of his employment and/or agency with it. Defendant Saldana Raul Trucking is responsible for his conduct under the doctrine of respondeat superior, agency, and a statutory employee relationship.

13. The collision referred to above was a proximate cause of injuries and damages to Plaintiffs, for which they now sue.

## VI. CLAIMS

### A. Raul Saldana Aguilar

14. At all times relevant and material hereto, Defendant Aguilar was negligent in the operation of the Defendants' tractor and trailer in at least the following respects:

a. Failing to operate at a reasonable rate of speed in violation of Section 545.351 of the Texas Transportation Code, Section 2.6 and 2.62 of the Texas Commercial Motor Vehicle Driver's Handbook, and the common law;

b. Failing to use necessary caution in the face of hazardous road conditions in violation of 49 CFR § 392.14, Section 2.13.2 of the Texas Commercial Motor Vehicle Driver's Handbook and the common law;

c. Failing to yield, in violation of Section 2.4 of the Texas Commercial Motor Vehicle Drivers Handbook and the common law, and Sections 545.061 and 545.153 of the Texas Transportation Code;

d. Being an inattentive driver;

e. Failing to take proper evasive action to avoid the collision;

f. Failing to keep a proper lookout; and

g. Failing to operate his tractor in a reasonable and prudent manner as a commercial driver and person of ordinary prudence would have done under the same or similar circumstances.

15. Each of the above-described acts of negligence and/or negligence per se of Defendant Aguilar was a proximate cause of the occurrence in question, and the damages and injuries of Plaintiffs, for which they seek recovery in an amount in excess of the minimum jurisdictional limits of this Court.

## **B. Saldana Raul Trucking**

16. This Defendant is independently liable for all of the acts of negligence and/or negligence per se committed on the part of their employee, representative, and agent, Defendant Aguilar that proximately caused the injuries and damages in this case pursuant to the doctrines of respondeat superior, vicarious liability and/or agency, because Defendant Aguilar was acting within the course and scope of his employment and agency for Defendant when the collision occurred. These agency principles are established pursuant to the statutory employee relationship between Defendant Aguilar and Defendant Saldana Raul Trucking as established by the Federal Motor Carrier Safety Regulations and the common law.

## **VII. INJURIES AND DAMAGES**

17. As a proximate result of the negligence of Defendants, and that of each of them, Plaintiffs suffered numerous physical injuries resulting in pain and suffering, mental anguish, lost earning capacity, physical impairment, medical expenses and other damages. Plaintiffs seek recovery for their personal injury damages, which were proximately caused by the negligence of Defendants as follows:

   a. Reasonable and necessary medical expenses and special needs incurred in the past;

   b. Reasonable and necessary medical expenses and special needs that may reasonably be incurred in the future for medical care, treatment, goods and services, and for related goods and services to accommodate the injuries they sustained;

   c. Physical pain and mental anguish in the past;

   d. Physical pain and mental anguish in the future;

   e. Physical impairment in the past; and,

    f. Physical impairment that will continue into the future.

18. Plaintiffs seek all personal injury and property damages which were proximately caused by Defendants, for which Plaintiffs now sue in an amount in excess of the minimum jurisdictional limits of this Court.

## VII. JURY DEMAND

19. Pursuant to Federal Rule of Civil Procedure 38, Plaintiffs respectfully request a trial by jury on this matter, and are paying the appropriate fee contemporaneously with the filing of this complaint.

## VIII. PRAYER

Plaintiffs, DENISE REED, TAMARA FLOYD AND VICKI ROSS, respectfully pray that Defendants, SALDANA RAUL TRUCKING AND RAUL SALDANA AGUILAR, be cited to appear and answer herein, and that upon final trial, Plaintiffs have and recover as follows:

    a. Judgment against Defendants, jointly and severally, for their actual damages in a sum in excess of the minimum jurisdictional limits of this Court;

    b. Prejudgment interest as allowed by law at the highest legal rate;

    c. Post-judgment interest as allowed by law at the highest legal rate;

    d. Cost of suit; and

    e. Such other and further relief, at law or in equity, to which Plaintiffs may be justly entitled.

Respectfully submitted,


YOUNG & NEWSOM, P.C.
Tim Newsom, Texas Bar No. 00784677
1001 S. Harrison St., Suite 200
Amarillo, Texas 79101
806-331-1800 (P)
806-398-9095 (F)
tim@youngfirm.com (E)

and

Bryan Garrett, PLLC
Bryan Garrett, OK Bar Number 17866
Attorney in Charge
(*Motion for Pro Hac Vice Pending*)
211 N. Robinson, Suite 900
Oklahoma City, Oklahoma 73102
405-839-8424 (P)
888-261-7270 (F)
bryan@bgarrettlaw.com (E)


By:  */s/ Tim Newsom*
Tim Newsom
State Bar No. 00784677
**ATTORNEYS FOR PLAINTIFFS**